**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

REMY SAINVALLIER,                :
                                 :    Civil Action No. 03-0197 (FSH)
          Petitioner,            :
                                 :
     v.                          :    **OPINION**
                                 :
TERRANCE MOORE, et al,           :
                                 :
          Respondents.           :


**APPEARANCES**:

Petitioner <u>pro se</u>              Counsel for Respondents
Remy Sainvallier                  Nancy A. Hulett, Esq.
East Jersey State Prison          Middlesex Co. Prosecutor's Ofc.
No. 77935                         25 Kirkpatrick Street
Lock Bag R                        3d Floor
Rahway, NJ 07065                  New Brunswick, NJ 08901

**HOCHBERG**, District Judge

   Petitioner Remy Sainvallier, a prisoner currently confined at East Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Terrance Moore and the Attorney General of New Jersey.

                        I.   BACKGROUND

   Following a jury trial in 1985 in the Superior Court of New Jersey, Law Division, Union County, a jury found Petitioner guilty of murder and other offenses.  On April 16, 1985, the court sentenced Petitioner to a thirty-year term of imprisonment

without eligibility for parole, to be served consecutively to a previously imposed sentence. On April 14, 1988, the Superior Court of New Jersey, Appellate Division, affirmed the conviction. The Supreme Court of New Jersey denied certification on June 23, 1988. (Answer, Exs. 8, 11.)

Petitioner filed a petition for post-conviction relief in the trial court on May 4, 1992. (Answer, Exs. 12, 13, 14.) On July 20, 1992, the trial court entered an Order denying the PCR petition because it was time-barred under N.J. Ct.R. 3:22-12.[1] (Answer, Exs. 14, 15.) On appeal, by Opinion filed February 24, 1994, the Appellate Division reversed and remanded for a hearing to determine the applicability of the statutory bar. (Answer, Ex. 20.)

On remand, the trial court appointed counsel to represent Petitioner and conducted a hearing on July 2, 1996, to determine whether the PCR petition was time-barred.[2] On July 9, 1996, the trial court found the PCR petition to be time-barred because Petitioner had failed to establish the "excusable neglect"

---

[1] In pertinent part, Rule 3:22-12 provides:

A petition to correct an illegal sentence may be filed at any time. No other petition shall be filed pursuant to this Rule more than five years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect.

[2] On remand, Petitioner asserted before the Superior Court, Law Division, all of the claims asserted here. (Answer, Ex. 21.)

necessary to permit consideration of his petition outside the five-year limit of Rule 3:22-12.  (Answer, Ex. 51.)  In reaching this result, the trial court found that there had been no error in the jury charge.  (Answer, Ex. 51 at 7-8.)

Petitioner filed his notice of appeal on or about November 20, 1996.  (Answer, Ex. 23.)  On November 24, 1997, the Appellate Division dismissed Petitioner's appeal for failure to submit a brief timely.  (Answer, Ex. 24.)  Petitioner asserts here that he did not receive notice of the dismissal and, in support of that assertion, has provided letters from his counsel dated July 31, 1998, and June 6, 1999, stating that counsel was working on the brief for the Appellate Division.  (Traverse, Exs. P.Tr.9 and 10.)  More than three years after the dismissal, on December 11, 2000, Petitioner moved _pro se_ to reinstate his appeal.  On January 29, 2001, the Appellate Division granted Petitioner's motion, vacated the prior dismissal order, and established a new scheduling order.  (Answer, Ex. 26.)

In his _pro se_ brief before the Appellate Division, Petitioner challenged the trial court's finding of untimeliness and raised all the claims raised here, either by arguing them directly or by incorporating by reference the post-conviction brief submitted to the Law Division.  (Answer, Ex. 27.)  On September 24, 2001, following briefing, the Appellate Division affirmed the trial court's denial of post-conviction relief.

3

> We conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We only note that defendant's petition was filed more than two years after expiration of the five-year period for filing a petition for post-conviction relief allowed under Rule 3:22-12, and that the only reasons defendant offered for this delay were that he was not initially provided with a copy of the trial transcript containing the jury instructions and that, until he began working in the prison law library, he did not have the legal knowledge required to perceive the alleged error in that instruction upon which he now relies. The trial court correctly concluded that these reasons were insufficient to justify defendant's long delay in filing the petition. Moreover, we note that this court held in State v. Cupe, 289 N.J. Super. 1 (App. Div.), certif. denied, 144 N.J. 589 (1996), that the sequential jury instruction as to murder and passion/provocation manslaughter that the Supreme Court found to be improper in State v. Coyle, 119 N.J. 194 (1990) does not provide a basis for post-conviction relief with respect to a conviction that predated Coyle. We further note that in State v. Heslop, 135 N.J. 318, 325 (1994), the Court affirmed a conviction on direct appeal even though, as in this case, the trial court had failed "to point out specifically that the State bears the burden of proof with respect to a specific aspect of an element of purposeful and knowing murder, namely the absence of passion and provocation."

(Answer, Ex. 29.) In his Petition for Certification, Petitioner relied upon all the arguments made in the Law Division.[3] (Answer, Ex. 30.) On January 24, 2002, the Supreme Court of New Jersey denied certification. (Answer, Ex. 32.)

On January 15, 2003, this Court received this Petition, which is dated December 19, 2002. Petitioner asserts as grounds

---

[3] Contrary to Respondents' position, this incorporation by reference of all claims made before the Law Division is sufficient to satisfy the exhaustion requirement of 28 U.S.C. § 2254 (b)(1).

4

for relief (1) a defective jury instruction on passion/provocation manslaughter, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel.  Respondents have answered, asserting that the Petition is untimely because the PCR application was not "pending" during the period between its 1997 dismissal and its 2001 reinstatement by the Appellate Division.  Thus, they argue, the state PCR application did not toll the federal limitations period, which expired while no state PCR petition was "pending," nor has Petitioner established grounds for equitable tolling.  In addition, Respondents assert that Petitioner's claims are unexhausted, procedurally defaulted, and/or meritless.  Petitioner has filed a Traverse in support of the Petition.  Accordingly, this matter is now ready for determination.

## II.  ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A.  Statutory Tolling of Limitations Period

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

6

Where, as here, a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition, unless the limitations period is tolled. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Thus, Petitioner must establish a basis for tolling in order for this Petition to be considered timely.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 122 S.Ct. 364 (2001).

Here, Petitioner's state court appeal of the denial of his petition for post-conviction relief ceased to be "pending" at the time it was dismissed for failure to file a brief until, at the

7

earliest, the date he filed his application for reinstatement. Cf., e.g., Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003) (leave to file an out-of-time appeal does not "revive" the time during which no state collateral petition was pending before the state court) and cases cited therein; Fernandez v. Sternes, 227 F.3d 977 (7th Cir. 2000) (where state court grants leave to pursue late appeal, the proper period of time to exclude from § 2244(d) limitations period is "all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default)").

Moreover, the state petition for post-conviction relief was never "properly filed," so as to toll the limitations period at all. The Supreme Court of the United States recently has addressed the question whether a state application for post-conviction relief is "properly filed" if it is ultimately determined to have been untimely. "In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1811-12 (2005).

Thus, here, although Petitioner pursued a state PCR application, as an untimely application under state law it was not "properly filed," and it can not serve to statutorily toll the § 2254 limitations period at all. This is so even though the

8

Appellate Division also addressed the merits.  See Carey v. Saffold, 536 U.S. 214, 226 (2002) ("If the California Supreme Court had clearly ruled that Saffold's 4 1/2-month delay was 'unreasonable,' that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits."); Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002) ("both aspects of a dual-ground decision (substance and procedure) must be respected").

B.  Equitable Tolling of Limitations Period

Petitioner contends, in the alternative, that the limitations period should be equitably tolled, based upon his counsel's misrepresentations to him that he was preparing a brief for filing in the Appellate Division.

The limitations period of § 2244(d) is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

Here, counsel's misrepresentations to Petitioner with respect to the status of the state PCR appeal do not provide a basis for equitable tolling of the federal limitations period, for Petitioner's counsel did nothing to mislead Petitioner with respect to the need to file a timely § 2254 Petition.  Here, as evidenced by their assertion in the 1992 state PCR petition, the claims Petitioner desired to raise in this Petition were known to him at the time the federal limitations period began to run in 1996.  Petitioner's counsel made no representations to Petitioner about the federal limitations period or whether the state PCR petition would toll that limitations period.  To the contrary, in 1996, Petitioner already was engaged in litigation as to the timeliness of his state PCR petition and by the time the PCR appeal was dismissed in November 1997 the federal limitations period had already expired.  In addition, in 1998, Petitioner's state PCR counsel advised Petitioner, "Also, since I am not sanguine about the honesty of the state appellate court process, please look at the provisions of the federal habeas corpus act, and in particular, the amendments passed as part of ADEPA [sic], at 28 U.S.C. § 2244(d)(1) and (d)(2)," the provisions specifically relating to the limitations period for a § 2254 petition.  (Traverse, Ex. P.Tr.9.)  Thus, as of 1998, Petitioner was on notice from his own state PCR counsel that he should be concerned about the federal § 2254 limitations period.  Any confusion Petitioner may have had about the federal limitations

period, and the effect on that limitations period of the state PCR petition which was untimely and non-tolling from its inception, did not derive from his state PCR counsel and is not a basis for equitable tolling of the federal limitations period. See, e.g., Pace, 125 S.Ct. at 1813-14 (a prisoner unsure about whether his state action for post-conviction relief is timely, and, thus, "properly filed," should file a protective petition in federal court and ask the federal court to stay the federal habeas proceeding until state remedies are exhausted); Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004); Parisi v. Carroll, 2004 WL 2323007 (D.Del. Oct. 6, 2004). It cannot be said that Petitioner was diligent about pursuing this federal habeas Petition. Despite the advice of his counsel in July of 1998, Petitioner did not pursue this habeas Petition until January of 2003, more than four years later. Petitioner gambled on the tolling effect of the state PCR petition. Petitioner is not entitled to equitable tolling.

C. Procedural Default

Even if the Court were to find a basis to toll the one-year statute of limitations, Respondents correctly argue that Petitioner's claims are procedurally defaulted.

> A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. See, e.g., Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996)]. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant

11

> establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).

On habeas review of state prisoner claims, a federal court "will presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" Coleman, 501 U.S. at 734-35 (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)).[4] Only a "firmly established and regularly followed state practice" is adequate to prevent subsequent habeas review in federal court. James v. Kentucky, 466 U.S. 341, 348-351 (1984). See also Lee v. Kemna, 534 U.S. 362, 376 (2002) ("Ordinarily, violation of "firmly established and regularly followed" state rules ... will be adequate to foreclose review of a federal claim." (citations omitted)). Generally speaking, "[a] state court's refusal to address a prisoner's federal claims because he has not met a state procedural requirement is both independent and adequate."

---

[4] A state court's reliance on a procedural bar as an alternate holding is sufficient to trigger the "cause" and "prejudice" test. See United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 440 (3d Cir. 1982).

Cabrera v. Barbo, 175 F.3d 307, 312 (3d Cir. 1999) (citations omitted).

The "cause" standard requires a petitioner to show that some objective factor external to the defense impeded his efforts to comply with the state procedural rule. See Coleman, 501 U.S. at 752 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). In the absence of a Sixth Amendment violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation. Coleman, 501 U.S. at 754. Neither a pro se prisoner's ignorance of the procedural rule nor inadvertence satisfies the cause standard. Murray at 485-87. Failure of the state court to "bend the rules" for a pro se litigant is not cause. Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992).

To establish "prejudice," a petitioner must prove "'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension.'" Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). In the context of an ineffective assistance claim, the Court of Appeals for the Third Circuit has held that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).

13

In the alternative, in order to establish that failure to review an otherwise procedurally defaulted claim will result in a "miscarriage of justice," a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496. "Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him." Werts, 228 F.3d at 193 (citing Schlup v. Delo, 513 U.S. 298, 326 (1995)).

Here, the State court determined that Petitioner's petition for post-conviction relief was time-barred under N.J.Ct.R. 3:22-12 and that Petitioner had failed to demonstrate excusable neglect to overcome the bar. Petitioner does not contend that this procedural rule is anything but a "firmly established and regularly followed state practice," and State case law suggests that the rule is firmly established and regularly followed. See, e.g., State v. Dugan, 289 N.J. Super. 15 (App. Div.), certif. denied, 145 N.J. 373 (1996); State v. Dillard, 208 N.J. Super. 722 (App. Div.), certif. denied, 105 N.J. 527 (1986). Thus, the State courts denied relief on an independent and adequate state ground, precluding review here of Petitioner's claims unless he can meet the "cause" and "prejudice" standard or demonstrate that failure to consider the claim will result in a miscarriage of justice.

14

Just as Petitioner failed to establish "excusable neglect" in state court, he has failed to establish any cause that would have prevented him filing a timely federal habeas petition. As noted above, Petitioner was aware of the claims at the time the limitations period began to run in 1996, and he chose to pursue those claims in an untimely state petition prior to filing a habeas petition. Nor has Petitioner established that failure to consider his claims will result in a miscarriage of justice. Petitioner has failed to establish grounds that would permit this Court to overlook his procedural default in state court and to address the merits of his claims.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner has failed to establish that jurists of reason would find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## IV.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed. An appropriate order follows.


　　　　　　　　　　　　　　　　　　　　/s/ Faith S. Hochberg
　　　　　　　　　　　　　　　　　　　Faith S. Hochberg
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  November 2, 2005

16